THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM A. FOSTER, Appellant.

First Department, May 6, 1927.

Crimes — violation of Penal Law, § 951 — evidence warranted finding that defendant made apparent purchases of stock which were not accompanied by actual change of ownership or interest — fact that defendant knew that transactions were, as matter of course, reported in newspapers is not crime within meaning of Penal Law, § 951 — State must prove, together with intent to deceive, fact of actual publication or causation of publication of fictitious sale.

The defendant was convicted of a violation of section 951 of the Penal Law which makes it a felony for any person, with intent to deceive, to report or publish or cause to be reported or published as a purchase or sale of stocks, bonds, etc., of a corporation, any transaction therein whereby no actual change of ownership or interest is effected. The evidence justifies the finding of the jury that the purchases and sales of stock in question did not accomplish a change of ownership or interest. But there is no evidence that the defendant published or caused to be published reports of the sale.

The mere fact that the defendant did know and believe that a report of the sale would be published in the newspapers in reporting the transactions of the Stock Exchange does not make the defendant guilty, for the State must prove, together with an intent to deceive, that the defendant himself published or caused to be. published a report of the sale.

FINCH, J., and DOWLING, P. J., dissent, with memorandum.

APPEAL by the defendant, William A. Foster, from a judgment of the Court of General Sessions of the Peace in and for the county of New York, rendered on the 1st day of May, 1924, convicting him of a violation of section 951 of the Penal Law.

*Harry G. Anderson* of counsel [*Anderson, Phillips & Moss,* attorneys], for the appellant.

*Albert Blogg Unger* of counsel [*Joab H. Banton, District Attorney*], for the respondent.

PROSKAUER, J. Defendant appeals from a conviction under section 951 of the Penal Law, which prescribes that "A person who, with intent to deceive, reports or publishes, or causes to be reported or published as a purchase or sale of the stocks, bonds or other evidences of debt of a corporation, company or association, any transaction therein, whereby no actual change of ownership or interest is effected, is guilty of a felony." The evidence justified the jury's finding that the defendant made apparent purchases and sales of stock which were accompanied by no actual change of ownership or interest. The appeal, in so far as it challenges the sufficiency of this evidence, is without merit.

Equally unjustified is the claim of unfairness on the part of the district attorney and the trial judge. The trial was conducted with scrupulous fairness by both.

The serious question which apparently prompted the issuance of a certificate of reasonable doubt by the trial judge, is whether the indictment should have been dismissed for failure of proof that the defendant either reported or published, or caused to be reported or published, an account of these fictitious transactions. Defendant did not himself report or publish them. The appeal turns upon whether he caused them to be reported or published within the meaning of the statute. The respondent claims that causation is established by defendant's admission that he knew that transactions of this character were as a matter of course reported. That knowledge is relevant on the issue of defendant's intent to deceive. Whether it also establishes causation cannot be decided solely by the application of the general doctrine of what constitutes the proximate consequence of an act. An examination of the statute is required.

The title of section 951 of the Penal Law is "Reporting or publishing fictitious transactions in securities." That Stock Exchange transactions are reported in the newspapers is a matter of general knowledge undoubtedly possessed by the Legislature. If the legislative intent had been to make the mere consummation of the fictitious transaction, when accompanied by such knowledge, a crime, it would have been unnecessary to insert the phrases which specifically require that the defendant report or publish, or cause to be reported or published. Comparison of section 951 of the Penal Law with section 953 further emphasizes that some overt act leading to publication is an essential component of the statutory crime created by section 951. Section 953 requires proof that the fictitious sale is made in an attempt, either futile or successful, to inflate, depress or cause fluctuation in a security. The indictment against the defendant also contained a count under

this section, upon which the jury acquitted him.  To convict under section 953, the People are not required to prove report or publication of the fictitious transaction, but they are required to prove some attempt to influence the market price of the security.  Under section 951 the People are not required to prove any such attempt to influence the market, but in lieu thereof must prove, together with an intent to deceive, an actual publication or causation of publication of the fictitious sale.  Neither section constitutes the fictitious transaction itself a crime.  It cannot be said that, because defendant knew the newspapers would report the transactions, he either reported them himself or caused them to be reported within the statutory meaning.

For these reasons we think the judgment should be reversed on the law and the prisoner discharged.

MERRELL and McAVOY, JJ., concur; DOWLING, P. J., and FINCH, J., dissent.

FINCH, J. (dissenting).  I vote to affirm the judgment appealed from.  The defendant did an act the direct, natural and inevitable result of which was to bring about what the statute forbade.  To hold otherwise is completely to emasculate section 951 of the Penal Law and leave flourishing the evils aimed at by that statute.

DOWLING, P. J., concurs.

Judgment reversed and defendant discharged.  Settle order on notice.